UNITED STATES of America,
Plaintiff–Appellee,

v.

Roxanne M. WHITE, Defendant–
Appellant.

No. 02–5813.

United States Court of Appeals,
Sixth Circuit.

May 12, 2003.

Before: GUY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.

### ORDER

Roxanne M. White appeals her judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, White pleaded guilty to aiding and abetting the attempt to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & 846 and 18 U.S.C. § 2. The district court sentenced White to 41 months of imprisonment.

White has filed a timely appeal. On appeal, White's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and submits the following issues for review: 1) whether White's sentence is illegal in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and 2) whether White should have been sentenced to probation or house arrest. White has not responded to her counsel's motion to withdraw.

■ Upon review, we conclude that the district court properly sentenced White. First, White's sentence is not in violation of the rule announced in *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348, which provides that a non-jury factual determination may not support a sentence beyond the statutory maximum penalty for the offense of conviction. White's sentence of 41 months for aiding and abetting the attempt to manufacture methamphetamine was not above the prescribed statutory base maximum penalty of twenty years, as provided in 21 U.S.C. § 841(b)(1)(C). Hence, White's sentence is not in violation of *Apprendi*. *See, e.g., United States v. Corrado*, 227 F.3d 528, 542 (6th Cir.2000) (holding *Apprendi* is not triggered when defendants were sentenced within the prescribed maximum terms before factoring in any enhancing provisions).

■ Second, White was not entitled to be sentenced to probation or house arrest. White had a total offense level of 21 and a Criminal History Category score of I. The resulting Guidelines range of 37 to 46 months of imprisonment placed White outside Zones A and B of the Sentencing Guidelines Table. However, USSG § 5B1.1(a) provides that probation is authorized only for a sentence having a Guidelines range falling within Zones A or B of the Sentencing Table. Specifically, the Guidelines do not authorize probation for a sentence falling within Zones C or D of the Sentencing Table. *See* USSG § 5B1.1, comment. (n.2). Hence, White was not entitled to probation.

■ In addition, we have reviewed the record and have discovered no error warranting reversal of White's conviction and sentence. White entered a valid guilty plea. *See North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). During her plea hearing, the district court explained the rights that White

was waiving, and determined that no additional promises or threats had been made to compel her to plead guilty. In addition, the district court reviewed the indictment with White, explained the potential penalty associated with the guilty plea, and determined that there was a factual basis for the plea.

Finally, the district court properly calculated White's sentence. As stated above, White's total offense level was 21, she had a Criminal History Category score of I, and her applicable Guidelines range was 37–46 months. Thus, White's sentence of 41 months of imprisonment was within the applicable Guidelines range.

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.